UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CINDY ADAMS                                          CIVIL ACTION

VERSUS                                                     NO. 24-2432

CONSUELLEO ANDERSON, ET AL.              SECTION "R" (5)

## ORDER AND REASONS

Before the Court are four motions to dismiss for lack of personal jurisdiction from five different defendants.[1]  Plaintiff has not opposed any of the motions.   For the following reasons, the Court grants defendants' motions.

## I.    BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[2]  Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[3] and acquired counsel in December 2024.  Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against nineteen named defendants, as well

---

[1]    R. Docs. 53, 54, 77, & 78.
[2]    R. Doc. 11.
[3]    R. Doc. 1.

as Does 1 through 20 and six unknown insurance companies.[4] The complaint asserted claims for a range of disconnected conduct dating back to 2002.[5]

Four defendants named in the suit—Norfolk Public School District ("NPS"), Chesapeake Police Department ("CPD"), Samantha Bates, and Earnell Patterson—independently moved to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[6]

The Court considers the motion below.

## II.    LEGAL STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal citation omitted). When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing.

---

[4]    R. Doc. 11.
[5]    *Id.*
[6]    R. Docs. 53, 54, 77, & 78.

*Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. Rev. Stat. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial

3

justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853–54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir.

4

2001); *Helicopteros*, 466 U.S. at 414 n.8.   Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

"When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State."). This restriction on the minimum contacts inquiry ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F.2d at 375.

## III.  DISCUSSION

Because plaintiff did not respond to the four motions to dismiss for lack of personal jurisdiction, plaintiff's amended complaint contains her only statement on the asserted ground of personal jurisdiction.  Plaintiff did not indicate how the Court has personal jurisdiction over each defendant individually; rather, she made one declaration that applied to all defendants generally.  In her amended complaint, plaintiff stated that the Court has personal jurisdiction over all defendants because they are "domiciled in the District, have transacted business in this District, and/or because the Defendants have committed various acts proscribed by law in this District."[7] The Court analyzes each defendant's contacts in turn.

### A. Chesapeake Police Department

Plaintiff fails to make a *prima facie* showing that CPD is subject to personal jurisdiction in Louisiana.  CPD is not subject to general jurisdiction because, as plaintiff stated in her complaint, it is a police department in Virginia.[8]  Plaintiff has not shown that CPD had any contacts with this forum whatsoever, much less any contacts that are sufficiently systematic and continuous to support an assertion of general jurisdiction.  Further, the

---

[7]    R. Doc. 11 at 2.
[8]    *Id*. at 10.

Court does not have specific jurisdiction over CPD.  Plaintiff alleges that the police department failed to properly investigate plaintiff's reports and failed to protect plaintiff's children,[9] but none of these alleged actions has any connection to Louisiana.  Plaintiff made no allegations that even suggest CPD purposefully directed its activities at Louisiana or that it invoked the benefits and protections of Louisiana's laws.  The Court does not have personal jurisdiction over CPD and must grant its motion to dismiss.

### B. Norfolk Public School District

Plaintiff fails to make a *prima facie* showing that NPS is subject to personal jurisdiction in Louisiana.  NPS is not subject to general jurisdiction because, as plaintiff stated in her complaint, it is a public school district in Virginia.[10]  Plaintiff has not shown that NPS had any contacts with this forum whatsoever, much less any contacts that are sufficiently systematic and continuous to support an assertion of general jurisdiction.  Further, the Court does not have specific jurisdiction over NPS.  Plaintiff alleges that the school district was negligent in releasing plaintiff's daughter to her ex-husband and his partner,[11] but this occurred in Virginia and has no

---

[9]   *Id.* at 2, 16, 18–20, & 23–35.
[10]  *Id.* at 10.
[11]  *Id.* at 25.

connection to Louisiana. Plaintiff made no allegations that even suggest NPS purposefully directed its activities at Louisiana or that it invoked the benefits and protections of Louisiana's laws. The Court does not have personal jurisdiction over NPS and must grant its motion to dismiss.

### C. Samantha Bates

Plaintiff fails to make a *prima facie* showing that Samantha Bates is subject to personal jurisdiction in Louisiana. Plaintiff alleges that she is a resident and citizen of North Dakota.[12] Therefore, Bates is not subject to general jurisdiction in Louisiana. Further, the Court does not have specific jurisdiction over her. Plaintiff alleges that Bates took her minor daughter from a Virginia school to North Dakota,[13] but this has no connection to Louisiana. Additionally, plaintiff alleges that she stalked and attacked her, but these alleged actions also did not take place in Louisiana. Plaintiff made no allegations that even suggest Bates purposefully directed her activities at Louisiana or that she invoked the benefits and protections of Louisiana's laws. The Court does not have personal jurisdiction over Bates and must grant her motion to dismiss.

---

[12]    *Id*. at 5.

[13]    *Id*. at 5, 25–26.

8

### D. Earnell Patterson

Plaintiff fails to make a *prima facie* showing that Earnell Patterson is subject to personal jurisdiction in Louisiana. Plaintiff alleges that he is a resident and citizen of North Dakota.[14] Therefore, Patterson is not subject to general jurisdiction in Louisiana. Further, the Court does not have specific jurisdiction over him. Plaintiff alleges that Patterson took her minor daughter from a Virginia school to North Dakota,[15] but this has no connection to Louisiana. Additionally, plaintiff alleges that he stalked and attacked her, but these alleged actions also did not take place in Louisiana. Plaintiff made no allegations that even suggest Patterson purposefully directed his activities at Louisiana or that he invoked the benefits and protections of Louisiana's laws. The Court does not have personal jurisdiction over Patterson and must grant his motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(2). These defendants obviously were not subject to personal jurisdiction in Louisiana, which counsel, who did not respond to their motions, should have known.

---

[14]    *Id.* at 5.

[15]    *Id.* at 5, 25–26.

Plaintiff's counsel is cautioned that any further baseless filings, in which it is evident that there is no jurisdiction, will result in sanctions under Federal Rule of Civil Procedure 11.  Counsel is encouraged to review his filings in this matter and reevaluate any claims against defendants that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.


New Orleans, Louisiana, this __9th__ day of June, 2025.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE