UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Housing Authority of New Orleans's motions to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiff has not opposed this motion. For the following reasons, the Court grants defendant's motion.

## I.  BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[2] Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[3] and retained counsel in December 2024. Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against nineteen named defendants, as well

---

[1]  R. Doc. 40.
[2]  R. Doc. 11.
[3]  R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[4] The complaint asserted claims for a range of unconnected conduct dating back to 2002.[5]

One of the named defendants is the Housing Authority of New Orleans ("HANO"). Plaintiff sued HANO for racial discrimination, premise liability, color of law violations (though vicarious liability), civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive damages, and litigation expenses and attorney fees.[6] HANO moved to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted.[7]

The Court considers the motion below.

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that

---

4   R. Doc. 11.
5   *Id.*
6   *Id.* at 18–35.
7   R. Doc. 40.

2

the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court

3

may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (internal quotation marks omitted)).

## III. DISCUSSION

Plaintiff alleges that, commencing in 2002, HANO conspired with the other defendants to hide the physical abuse of plaintiff when she was fourteen years old and her rape, both of which occurred on HANO property.[8] She alleges that all of the defendants also conspired with each other to discredit plaintiff, spread misinformation about her, deprive her of her children, and cause her to lose her liberty through incarceration and commitment to a mental facility.[9] She alleges that HANO is responsible under *respondeat superior* for the actions of Does 1 through 20, who were employees, managers, officers, directors, or associates of HANO,[10] and of

---

[8] R. Doc. 11 at 15.
[9] *Id.*
[10] *Id.* at 11, 14.

4

Consuelleo Anderson and Johnny Anderson, Sr., who were the tenants or employees of HANO.[11] Confusingly, she also alleges that HANO is liable under *respondeat superior* for Keith Sykes and Byron Keith Adams II, because they were employees of Waste Management.[12]

The Court takes each claim against HANO at a time.

### A. First Claim: Racial Discrimination

Plaintiff's first claim for relief is for racial discrimination.[13] Though she does not cite the applicable law, she states that HANO is a government agency subject to U.S. discrimination laws.[14] She stated that HANO discriminated against her in the manner they handled her physical abuse complaints and her rape and sexual abuse complaints.[15] Under 42 U.S.C. § 2000a, "All persons [are] entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). A discrimination claim may be proved by direct or

---

11   *Id.* at 16.
12   *Id.*
13   *Id.* at 18.
14   *Id.* at 19.
15   *Id.*

5

circumstantial evidence. *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 349 (5th Cir. 2008). Direct evidence is "evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Rodriguez v. Eli Lilly & Co.*, 820 F.3d 759, 765 (5th Cir. 2016) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)). Evidence is circumstantial if an inference is required for the evidence to be probative as to defendant's discriminatory animus. *Sandstad*, 309 F.3d at 897–98.

Plaintiff fails to allege enough facts to state a claim for racial discrimination that is plausible on its face. Plaintiff fails to explain how HANO discriminated against her because of her race. Additionally, plaintiff fails to specifically allege the discriminatory acts of HANO. The alleged discriminatory conduct is generalized, largely contains sweeping conclusions, and does not include any reference to discrimination based on race.[16] Because of the clear shortcomings in this claim, the Court grants HANO's motion to dismiss as to this claim.

### B. Third Claim: Premise Liability

Plaintiff alleges that HANO maintained a chronically unsafe housing environment, which caused plaintiff harm because she lived in HANO most

---

16  *Id.*

6

of her minor life.[17]  Specifically, plaintiff alleges that she was physically abused at fourteen and raped at fifteen, and that HANO and HUD knew or should have known about this abuse but did nothing to protect her.[18]

In *Doe v. Rayford*, 360 So.3d 124 (La. App. 4 Cir. 2023), Louisiana's Fourth Circuit held that Louisiana's delictual prescriptive period applied to premise liability claims, when a plaintiff did not allege any sex offenses against the defendant. The delictual prescriptive period applies here. Under La. C.C. art. 3492, that period is one year.[19]  Plaintiff seems to allege that her abuse at age fourteen took place in 2002, making her rape at age fifteen occur in 2003. Accordingly, she turned eighteen in 2006. Because plaintiff alleges only that she lived in HANO as a minor, and that all of the incidents occurred

---

[17]    *Id.* at 22–23.
[18]    *Id.*
[19]    La. C.C. art. 3492, providing for a one-year prescriptive period for delictual actions, was repealed by Acts 2024, No. 423, § 2. La. C.C. art. 3493.1, effective July 1, 2024, now provides a two-year prescriptive period for delictual action, but it "shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act." Tort Actions, 2024 La. Acts 423. § 3; *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1314, 221 L. Ed. 2d 398 (2025); *Ticker v. State Through Dep't of Transportation & Dev.*, 2025 WL 814949, at *4 n.4 (La. App. 1 Cir. 2025); *Kirt v. Metzinger*, 408 So.3d 961, 971 n.10 (La. App. 4 Cir. 2024). Because the alleged actions occurred before July 1, 2024, the one-year prescriptive period applies here. But because the alleged events occurred in the 2000s, applying the two-year prescriptive period would not change the outcome.

while living at HANO, at the latest the prescriptive period started running in 2006. "The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff." *Mallett v. McNeal*, 939 So.2d 1254, 1258, (La. 2006). Given that this case was filed in 2024, and that plaintiff did not file a response arguing why the state law claims should not be prescribed, this claim is prescribed. The Court grants HANO's motion to dismiss as to this claim.

**C. Fourth Claim: Color of Law Violations**

Plaintiff alleges that HANO, through Does 1 through 20 in a theory of *respondeat superior*, engaged and conspired to engage in a course of conduct that deprived plaintiff of her constitutional rights, namely the right to be free from discrimination and the right to equal protection under the laws, in violation of 42 U.S.C. § 1983.[20] HANO is a municipal entity for the purposes of *Monell* liability. *See Gelin v. Hous. Auth. of New Orleans*, 456 F.3d 525, 527–31 (5th Cir. 2006) (applying *Monell* and is progeny to HANO); *Anderson v. Donovan*, 2011 WL 3898044, at *2–*3 (E.D. La. Sept. 2, 2011) (applying *Monell* liability to HANO); *Hankins v.*

---

[20]   *Id.* at 23–24.

*Wheeler*, 2022 WL 2208848, at *5 (E.D. La. June 21, 2022) (describing HANO as a municipal entity). However, the Supreme Court has clearly held that "a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). HANO can be sued under Section 1983 when execution of its "policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury [for which it] is responsible." *Id.* at 694. Plaintiff fails to allege the existence of any relevant HANO policy or custom. Therefore, the Court grants HANO's motion to dismiss as to this claim.

### D. Fifth Claim: Civil Conspiracy

Plaintiff alleges that Does 1 through 20 conspired and continue to conspire with each other to cause plaintiff harm.[21]

In Louisiana, "to recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants to commit the tortious act which caused the plaintiff's injury." *Payne v. Stanley*, 316 So. 3d 104, 112, (La. App. 2 Cir. 2021), w*rit denied*, 2021-00480 (La. 2021). In a conclusory fashion, plaintiff alleges the existence of a conspiracy and fails to

---

[21]   *Id.* at 24–25.

allege operative facts, including the existence of any agreement or any specific way that any employee from HANO was involved in the alleged conspiracy. There is no basis for the assertion that HANO employees in any way conspired with each other or any other defendant, or that it deprived plaintiff of any right. For those reasons, the Court must grant HANO's motion to dismiss as to this claim.

### E. Sixth Claim: Negligence

Regarding HANO, plaintiff alleges that HANO breached its duty of care to plaintiff by failing to prevent the abuse and rape of plaintiff and the negligence in its handling of the reporting of the offenses.[22] Plaintiff has only alleged with any specificity HANO's involvement from when she was a minor. Thus, because plaintiff's only allegation is that HANO was negligent in the early to mid-2000s, this claim is prescribed under La. C.C. art. 3492. *See Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 478 (5th Cir. 2002) (recognizing that Louisiana's negligence is subject to the delictual prescription period). The Court must grant HANO's motion to dismiss as to this claim.

---

[22] *Id.* at 25.

### F. Seventh Claim: Tortious Conduct

Plaintiff generally alleges tortious conduct against all defendants, stating that they had a duty of care to plaintiff, and in committing the acts alleged, breached that duty.[23] Plaintiff does not specify the exact duty owed, point to any causation, or specify which torts are being alleged. This generalized and conclusory pleading does not contain sufficient factual or legal matter to allow the Court to draw the reasonable inference that HANO is liable. Thus, the Court grants HANO's motion to dismiss as to this claim.

### G. Eighth Claim: Libel and Slander

Plaintiff alleges that HANO made false and defamatory statements against her.[24] In Louisiana, "[a] claim of libel or slander falls within the tort of defamation." *Hogan v. Williams*, 274 So. 3d 762, 768, (La. App. 5 Cir. 2019). The four elements are necessary to establish a defamation cause of action are (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004) (quoting *Trentecosta v. Beck*, 703 So. 2d 552, 559 (La. 1997)). "The fault requirement is often set forth in the jurisprudence as

---

23   *Id.* at 28.
24   *Id.* at 31.

11

malice, actual or implied." *Id.* Therefore, plaintiff must allege that defendant acted with malice and published a false defamatory statement, which caused injury.

Plaintiff provides no specific allegations as to the content of the allegedly false statements made by HANO, or when, through which medium, by whom, or to whom the statements were made. Plaintiff fails to allege, outside of passing conclusory statements, that HANO acted with malice in any way. Therefore, the Court grants HANO's motion to dismiss as to this claim.

### H. Ninth Claim: Intentional Infliction of Emotional Distress

Plaintiff alleges that HANO intentionally inflicted emotional distress.[25] Plaintiff has only alleged with any specificity HANO's involvement from when she was a minor. Because plaintiff's only allegation is that HANO intentionally inflicted emotional distress in the early to mid-2000s, this claim is prescribed under La. C.C. art. 3492. *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187, (La. 1999) (recognizing that Louisiana's intentional infliction of emotional distress is subject to the delictual prescription period). The Court must grant HANO's motion to dismiss as to this claim.

---

[25] *Id.* at 25.

## I. Remaining "Claims"

Plaintiff alleges two more claims, punitive damages and expense of litigation and attorneys' fees.[26] These are damages and expenses, not independent causes of action. Considering that the Court has dismissed all of the causes of action against HANO, these are no longer applicable.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court DISMISSES plaintiff's claims against HANO WITH PREJUDICE.

New Orleans, Louisiana, this __1st__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[26] *Id.* at 34–35.