UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendant Mitchell Gibbs's motions to dismiss for failure to state a claim upon which relief can be granted.[1] Plaintiff opposes this motion.[2] For the following reasons, the Court grants defendant's motion.

## I. BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[3] Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[4] and retained counsel in December 2024. Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against nineteen named defendants, as well

---

[1]   R. Doc. 87.
[2]   R. Doc. 97.
[3]   R. Doc. 11.
[4]   R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[5] The complaint asserted claims for a range of disconnected conduct dating back to 2002.[6]

One of the named defendants is Mitchell Gibbs. Plaintiff sued Gibbs for civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive damages, and litigation expenses and attorney fees.[7] Gibbs moved to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted.[8]

The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable

---

[5]  R. Doc. 11.
[6]  *Id.*
[7]  *Id.* at 18–35.
[8]  R. Doc. 87.

2

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the

pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996) (internal quotation marks omitted)).

## III. DISCUSSION

Plaintiff alleges that Gibbs conspired with co-defendant Earnell Patterson, Sr., and other co-defendants to deprive her of her children, subject her to legal proceedings, and cause her to lose her liberty, including through incarceration and commitment to a mental facility.[9]

The Court takes each claim against Gibbs in turn.[10]

---

[9]  R. Doc. 11 at 15.

[10] Defendant argues that all of plaintiff's claims are prescribed, because the last time he had contact with plaintiff was in November 2021, and this case was filed in October 2024. R. Doc. 87-1 at 9–11. The prescriptive period for delictual actions would apply. *See Horn v. Transdev Servs., Inc.*, 2021 WL 4312694, at *7 (E.D. La. July 29, 2021), *report and recommendation adopted*, 2021 WL 4311050 (E.D. La. Sept. 22, 2021) (holding that Louisiana law civil conspiracy claims are delictual actions); *Copeland v. Wasserstein, Perella & Co.*, 278 F.3d 472, 478 (5th Cir. 2002) (recognizing that Louisiana's negligence is subject to the delictual prescription period); *Clark v. Wilcox*, 928 So.2d 104, 112, (La. App. 1 Cir. 2005), *writ denied*, 929 So.2d 1252, (La. 2006) (recognizing that Louisiana's defamation is subject to the delictual prescription period); *King v. Phelps Dunbar, L.L.P.*, 743 So. 2d 181, 187, (La. 1999) (recognizing that Louisiana's intentional infliction of emotional distress is subject to the delictual prescription

### A. Fifth Claim: Civil Conspiracy

Plaintiff alleges that Gibbs conspired and continues to conspire with other defendants to cause plaintiff harm.[11]

In Louisiana, "to recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants to commit the tortious act which caused the plaintiff's injury." *Payne v. Stanley*, 316 So. 3d 104, 112, (La. App. 2 Cir. 2021), w*rit denied*, 2021-00480 (La. 2021). In a conclusory fashion, plaintiff alleges the existence of a conspiracy and fails to allege operative facts, including the existence of any agreement or any specific way that Gibbs was involved in the alleged conspiracy. There is no basis for the assertion that Gibbs in any way conspired with any other defendant, or that he deprived plaintiff of any right. Because these allegations largely consist of bare legal conclusions with a formulaic recitation of the elements, the Court must grant Gibbs's motion to dismiss as to this claim.

### B. Sixth and Seventh Claims: Negligence and Tortious Conduct

---

period). But because plaintiff failed to allege (or even raise in her objection) her grievances with adequate specificity, the Court makes no holding as to the prescribed nature of the claims.

[11] R. Doc. 11 at 24–25.

Plaintiff alleges that Gibbs breached his duty of care to plaintiff by engaging in the conspiracy to harm plaintiff in the ways described above.[12] Also, plaintiff generally alleges tortious conduct against all defendants, stating that they had a duty of care to plaintiff, and in committing the acts alleged, breached that duty.[13] In her opposition to this motion to dismiss, plaintiff groups both the negligence claim and the general tortious conduct claim together. As stated above, plaintiff fails to allege with any specificity the details of the conspiracy. Regarding negligence, plaintiff fails to allege what duty plaintiff owed her, how he specifically breached that duty, or how his conduct caused any harm. The allegations are bare legal conclusions without any supporting facts. This generalized and conclusory pleading does not contain sufficient details to allow the Court to draw the reasonable inference that Gibbs is liable for negligence or other tortious conduct. The Court grants Gibbs's motion to dismiss as to this claim.

### C. Eighth Claim: Libel and Slander

Plaintiff alleges that Gibbs made false and defamatory statements against her.[14] In Louisiana, "[a] claim of libel or slander falls within the tort

---

[12]   *Id.* at 25.
[13]   *Id.* at 28.
[14]   *Id.* at 31.

6

of defamation." *Hogan v. Williams*, 274 So. 3d 762, 768, (La. App. 5 Cir. 2019). The four elements necessary to establish a defamation cause of action are: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139, (La. 2004) (quoting *Trentecosta v. Beck*, 703 So. 2d 552, 559, (La. 1997)). "The fault requirement is often set forth in the jurisprudence as malice, actual or implied." *Id.* Therefore, plaintiff must allege that defendant acted with malice and published a false defamatory statement, which caused injury.

Plaintiff provides no specific allegations as to the content of the allegedly false statements made by Gibbs, or when, through which medium, or to whom the statements were made. This extremely generalized pleading does not provide Gibbs notice of the claim, given the sweeping nature of the allegations. Plaintiff fails to allege, outside of one passing conclusory statement, that Gibbs acted with malice in any way. Therefore, the Court grants Gibbs's motion to dismiss as to this claim.

### D. Ninth Claim: Intentional Infliction of Emotional Distress

Plaintiff alleges that Gibbs intentionally inflicted emotional distress ("IIED").[15] To recover for IIED, a platiniff must establish "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So.2d 1205, 1209 (La. 1991). As outlined above, plaintiff failed to allege with any specificity Gibbs's actions. Therefore, she has not shown that his actions are extreme and outrageous. Additionally, she has not alleged, aside from conclusory statements, that he intended to inflict emotional distress or knew that it would result from his conduct. Because plaintiff failed to adequately allege the elements of IIED, the Court must grant Gibbs's motion to dismiss as to this claim.

**E. Remaining "Claims"**

Plaintiff alleges two more claims, punitive damages and expense of litigation and attorneys' fees.[16] These are damages and expenses, not independent causes of action. Considering that the Court has dismissed all of the causes of action against Gibbs, these are no longer applicable.

---

15   *Id.* at 25.
16   *Id.* at 34–35.

**F. Leave to Amend**

Plaintiff seeks leave to amend her complaint to include more details in her allegations.[17] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a "mere call for amendment, without more, is not enough," *Landscape Images Ltd. v. IberiaBank Corp.*, 2024 WL 4457844, at *5 (5th Cir. Oct. 10, 2024), and leave to amend "is by no means automatic," *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that [plaintiff] would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (cleaned up) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)). In her opposition, plaintiff restates the allegations in the compliant, and she does not include any details about the additional facts she would plead in her

---

17   R. Doc. 97 at 12.

9

second-amended complaint to satisfy the elements of her claims.[18] Because she fails to apprise the Court of any additional facts, the Court denies plaintiff's motion for leave to amend. *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) (Plaintiff "failed to apprise the court of the facts she would plead in her amended complaint; therefore the district court did not err when it denied her motion to amend as futile."); *see also Peykoff v. Cawley*, 2025 WL 1380070, at *8 (5th Cir. May 13, 2025) (holding that plaintiff's "one-sentence request, embedded in their opposition to the motion to dismiss, is insufficient to warrant reversal" of the district court's denial of plaintiff's leave to amend, especially in the "absence of any proposed amendments, compounded by the lack of grounds for such an amendment" (quoting *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court DISMISSES plaintiff's claims against Gibbs WITH PREJUDICE.

---

18   *See id.*

New Orleans, Louisiana, this ___1st___ day of August, 2025.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE