UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CINDY ADAMS                                              CIVIL ACTION

VERSUS                                                      NO. 24-2432

CONSUELLEO ANDERSON, ET AL.              SECTION "R" (5)

## ORDER AND REASONS

Before the Court is defendants Eastern State Hospital ("ESH") and Dr. Joanna Gratton's motion to dismiss.[1]  Plaintiff opposed the motion.[2]  For the following reasons, the Court grants defendants' motion.

## I.    BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[3]  Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[4] and retained counsel in December 2024.  Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against nineteen named defendants, as well

---

[1]    R. Doc. 107.
[2]    R. Doc. 117.
[3]    R. Doc. 11.
[4]    R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[5] The complaint asserted claims for a range of disconnected conduct dating back to 2002.[6]

Prior to their motion, the Clerk entered default for these two defendants.[7] Two defendants named in the suit, ESH and Dr. Joanna Gratton, moved to dismiss under Federal Rule of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).[8]

The Court considers the motion below.

## II.   LEGAL STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (internal citation omitted). When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing.

---

[5]    R. Doc. 11.
[6]    *Id.*
[7]    R. Docs. 75 & 76.
[8]    R. Doc. 107.

*Godhra v. United States Tobacco Co., Inc.*, 188 F.3d 619, 625 (5th Cir. 1999). The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs. *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999). Because Louisiana's long-arm statute, La. Rev. Stat. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citing La. Rev. Stat. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial

3

justice." *Latshaw*, 167 F.3d at 211 (citing *Int'l Shoe Co. v. Wa.*, 326 U.S. 310, 316 (1945)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984); *Wilson*, 20 F.3d at 647. Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001); *see Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853–54 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation it is an equivalent place, one in which the corporation is fairly regarded as at home.").

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir.

4

2001); *Helicopteros*, 466 U.S. at 414 n.8.  Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

"When the cause of action relates to the defendant's contact with the forum, the 'minimum contacts' requirement is satisfied, and 'specific' jurisdiction is proper, so long as that contact resulted from the defendant's purposeful conduct and not the unilateral activity of the plaintiff." *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958) ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State.").  This restriction on the minimum contacts inquiry ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000) (quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F.2d at 375.

## III.  DISCUSSION

Plaintiff did not indicate how the Court has personal jurisdiction over each defendant individually; rather, she made one declaration that applied to all defendants generally.  In her amended complaint, plaintiff stated that the Court has personal jurisdiction over all defendants because they are "domiciled in the District, have transacted business in this District, and/or because the Defendants have committed various acts proscribed by law in this District."[9]  In her opposition to the motion to dismiss, plaintiff argues that the effects test permits jurisdiction where out of state conduct results in serious and intended harm within Louisiana.[10]

Plaintiff fails to make a *prima facie* showing that ESH and Dr. Gratton are subject to personal jurisdiction in Louisiana.  ESH is not subject to general jurisdiction because, as plaintiff stated in her complaint, it is a hospital in Virginia.[11] Similarly, plaintiff alleges that Dr. Gratton is a resident of Virginia.[12]  Plaintiff has not shown that either ESH or Dr. Gratton has had any contacts with this forum whatsoever, much less any contacts that are

---

[9]    R. Doc. 11 at 2.
[10]    R. Doc. 117 at 3.
[11]    R. Doc. 11 at 9.
[12]    *Id* at 10.

6

sufficiently systematic and continuous to support an assertion of general jurisdiction.

Further, the Court does not have specific jurisdiction over either ESH or Dr. Gratton.  Plaintiff alleges that ESH wrongfully confined plaintiff for several months for psychological testing, and that Dr. Gratton conspired with her first husband to help him wrongfully obtain custody of her children and move them across state lines.[13]  None of these alleged actions has any connection to Louisiana.  Plaintiff made no factual allegations that even suggest ESH or Dr. Gratton purposefully directed its activities at Louisiana or that they invoked the benefits and protections of Louisiana's laws.  Though plaintiff now argues that the defendants' conduct was expressly aimed at Louisiana,[14] there is no specific allegation to support that claim.  The mere fact that an effect was felt in Louisiana is not sufficient under the cases that plaintiff cite, *Calder v. Jones*, 465 U.S. 783 (1984), and *Revell v. Lidov*, 317 F.3d 467 (5th Cir. 2002).  *See Revell v. Lidov*, 317 F.3d at 473 (The Fifth Circuit has held "that the plaintiff's residence in the forum, and suffering of harm there, will not alone support jurisdiction under *Calder*.").  Those cases specify that, to satisfy the effects test—which is but one facet in the minimum

---

[13]     *Id*. at 9–10.
[14]     R. Doc. 117 at 3.

contacts analysis—the defendant must direct their actions at the forum in such a way that the forum is the focal point of the actions and the harm suffered. *Revell*, 317 F.3d at 473–75. Plaintiff fails to allege any specific facts that support her assertion that ESH and Dr. Gratton did so. Therefore, the Court does not have personal jurisdiction over ESH or Dr. Gratton and must grant their motion to dismiss.

The Clerk has entered default for these two defendants.[15] Under Federal Rule of Civil Procedure 55 governing defaults and default judgments, "[t]he court may set aside an entry of default for good cause." As the Court did not have personal jurisdiction over ESH or Dr. Gratton, the Court lacked jurisdiction to make an entry of default. The Court finds that there is good cause to set aside the entry of default and orders the Clerk to do so.

Plaintiff requests for the Court to transfer her case to the appropriate federal court in Virginia, under 28 U.S.C. § 1406(a), should the Court find that there is no jurisdiction here.[16] Section 1406(a) states that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Courts have

---

[15]    R. Docs. 75 & 76.
[16]    R. Doc. 117 at 8.

8

interpreted Section 1406(a) to apply even when the transferring court does not have personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Herman v. Cataphora, Inc.*, 730 F.3d 460, 466 (5th Cir. 2013) (Section 1406(a) "specifically refers to 'laying venue in the wrong division or district,' but a transfer can be made due to the absence of personal jurisdiction in a district where venue is otherwise proper.").

The Court finds that it is not in the interest of justice to transfer this case. This is a large case—almost twenty named defendants—and some have already been dismissed for lack of personal jurisdiction. Plaintiff has not presented evidence of any prejudice she faces, and the reasons for dismissal are apparent. Additionally, this Court clearly did not have personal jurisdiction. In a prior order dismissing four defendants for lack of personal jurisdiction, the Court pointed out that those defendants were obviously not subject to personal jurisdiction in Louisiana, which counsel should have known.[17] The Court explicitly encouraged plaintiff to review the filings and

---

[17]    R. Doc. 124 at 9–10.

reevaluate any claims against defendants that are not warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law.[18] Plaintiff apparently failed to do so. The Fifth Circuit has noted that "it is obviously not in the interest of justice to allow § 1406(a) to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." *Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) (internal quotations omitted) (quoting *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967)). Numerous other circuits also have recognized that when "a plaintiff's attorney files in the wrong jurisdiction not 'because they . . . made an erroneous guess with regard to an elusive fact,' but because [they] made an obvious error, transfer under section 1406 is inappropriate." *Stanifer v. Brannan*, 564 F.3d 455, 459 (6th Cir. 2009) (quoting *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993)); *Nichols*, 991 F.2d at 1201 ("[A] district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney."); *Spar, Inc. v. Info. Res.,*

---

[18]     *Id.*

*Inc.*, 956 F.2d 392, 394 (2d Cir. 1992) ("[W]e conclude that allowing a transfer in this case would reward plaintiffs for their lack of diligence in choosing a proper forum and thus would not be in the interest of justice."); *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1544 (10th Cir. 1996) ("[I]t is not in the interest of justice to transfer where a plaintiff either realized or should have realized that the forum in which he or she filed was improper."); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986) (upholding a district court's decision not to transfer a case when "[e]lementary prudence" would have indicated to the lawyer the proper jurisdiction). Therefore, the Court denies plaintiff's motion to transfer.

## IV.    CONCLUSION

For the foregoing reasons, the Court GRANTS Eastern State Hospital and Dr. Joanna Gratton's motions to dismiss under Federal Rule of Civil Procedure 12(b)(2). Additionally, the Court ORDERS the Clerk to set aside the entry of default.

New Orleans, Louisiana, this __4th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

11