UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL. | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant United States Department of Housing and Urban Development's ("HUD") motion to dismiss.[1] Plaintiff opposed this motion.[2] For the following reasons, the Court grants defendant's motion.

## I.    BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[3] Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[4] and retained counsel in December 2024. Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against nineteen named defendants, as well

---

[1]   R. Doc. 120.
[2]   R. Doc. 123.
[3]   R. Doc. 11.
[4]   R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[5] The complaint asserted claims for a range of unconnected conduct dating back to 2002.[6]

One of the named defendants is the HUD. Plaintiff sued HUD for racial discrimination, premise liability, color of law violations (though vicarious liability), civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive damages, and litigation expenses and attorney fees.[7] HUD moved to dismiss all of these claims under Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim upon which relief can be granted.[8]

The Court considers the motion below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the Court must "consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281

---

[5]   R. Doc. 11.
[6]   *Id.*
[7]   *Id.* at 18–35.
[8]   R. Doc. 120.

2

F.3d 158, 161 (5th Cir. 2001). In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by the undisputed facts plus the court's resolution of disputed facts." *Moore v. Bryant*, 853 F.3d 245, 248 (5th Cir. 2017) (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)); *see also Arena v. Graybar* Elec. Co., 669 F.3d 214, 223 (5th Cir. 2012) (holding that a district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when examining a factual challenge to subject-matter jurisdiction that does not implicate the merits of a plaintiff's cause of action). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Spokeo v. Robins*, 578 U.S. 330, 338 (2016).

A motion to dismiss for lack of subject matter jurisdiction may be a "facial attack" or a "factual attack." In a "facial attack," the defense files a Rule 12(b)(1) motion, and the trial court looks to the sufficiency of the allegations in the complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a "factual attack," the defendant submits affidavits, testimony, or other evidentiary materials. Then, plaintiff is required to submit facts through some evidentiary method and has the burden of proving by a

3

preponderance of the evidence that the trial court does have subject matter jurisdiction. *Id.*

### III. DISCUSSION

Plaintiff alleges that she lived most of her minor life in housing owned and operated by HUD.[9] She also asserts that HUD discriminated against plaintiff in the manner it handled her physical abuse, rape, and sexual abuse complaints.[10] She alleges that HUD knew or should have known about the abuse but did not prevent it, and that its unsafe conditions in the housing units caused plaintiff harm.[11] She contends that HUD may be responsible under *respondeat superior* for the actions of employees Does 1 through 20.[12]

Plaintiff fails to establish subject matter jurisdiction over HUD. Plaintiff does not point to any waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). Therefore, "[t]o maintain a suit

---

9       R. Doc. 11 at 22.
10      *Id.* at 15.
11      *Id.* at 23.
12      *Id.* at 11.

4

in district court against the United States, a plaintiff must bring claims under a statute in which Congress expressly waives the United States' sovereign immunity." *Ortega Garcia v. United States*, 986 F.3d 513, 522 (5th Cir. 2021).

It is unclear under which laws plaintiff asserts her claims. She states that her claims against HUD are asserted under U.S. discrimination laws,[13] the United States Constitution through 42 U.S.C. 1983,[14] and "Louisiana law."[15] Plaintiff seeks only money damages against HUD.[16]

Section 1983 creates a cause of action against persons or entities who violate one's constitutional rights under color of *state* law. Plaintiff cannot sue the federal government or its agencies under the color of federal law pursuant to Section 1983. *See* 42 U.S.C.A. § 1983; *Tun-Cos v. Perrotte*, 922 F.3d 514, 520 (4th Cir. 2019) (Section 1983 "does not provide a cause of action against federal officials, and there is no analogous statute imposing damages liability on federal officials."); *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999) ("Section 1983, however, provides no right of

---

[13] R. Doc. 11 at 19.
[14] *Id.* at 23–24.
[15] *Id.* at 22–23, 24–35.
[16] *Id.* at 18.

5

action against federal (rather than state) officials."). Therefore, Section 1983 does not apply here.[17]

The Court must dismiss plaintiff's money damages actions against HUD because plaintiff has not identified any waiver of sovereign immunity applicable to her claim against HUD. *Cf.* 5 U.S.C.A. § 702 (waiving federal agencies' sovereign immunity in lawsuits for relief other than money damages). To the extent plaintiff asserts her claims under "U.S. discrimination laws," the Fifth Circuit has "recognized that suits against the United States brought under the civil rights statutes are barred by sovereign immunity." *Affiliated Pro. Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). And if she intended to invoke the Fair Housing Act ("FHA") in her reference to U.S. discrimination laws, "[t]he United States has not waived its sovereign immunity from suits for money damages under" the FHA. *Kelly v. Wilson*, 426 F. App'x 629, 632 (10th Cir. 2011); *Unimex, Inc. v. U.S. Dep't of Hous. & Urb. Dev.*, 594 F.2d 1060, 1062 (5th Cir. 1979) (the FHA does not apply to the federal government absent an exception).

---

[17]   Plaintiff mentioned one time in her response that the non-tort claims are viable under *Bivens*. R. Doc. 123 at 6. This is insufficient to assert a *Bivens* claim. *See Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013) (upholding the dismissal of plaintiff's claim against a federal defendant when plaintiff did not allege a *Bivens* action in the amended complaint and raised a *Bivens* claim only by brief).

Additionally, Title VI of the Civil Rights Act does not waive sovereign immunity against the federal government. *See LeRoy v. U.S. Marshal's Serv.*, 2007 WL 4234127, at *2 (E.D. La. Nov. 28, 2007) (citing *Dorsey v. U.S. Dep't of Lab.*, 41 F.3d 1551, 1554–55 (D.C. Cir. 1994)). Plaintiff has not demonstrated that HUD can be liable for money damages.

In her response, plaintiff argues that her claims are allowed under the Tucker Act and the Federal Tort Claims Act. Both arguments fail.

Plaintiff first argues that the Tucker Act applies. The Tucker Act grants the Court of Federal Claims jurisdiction over any claim "against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). Plaintiff did not plead in her complaint any claims under the Tucker Act.[18] And to the extent she wants to use the Tucker Act for all of her non-tort claims, Tucker Act claims are to be made in the Court of Federal Claims. *Wilkerson v. United States*, 67 F.3d 112, 118 (5th Cir. 1995) ("The law of this circuit is clear: the Court of Claims has exclusive jurisdiction of a Tucker Act claim in excess of $10,000." (quoting *Ware v. United States*, 626 F.2d 1278, 1287 (5th Cir. 1980))); *id.* at

---

[18]    *See* R. Doc. 11.

119 n.13 ("[T]there is no waiver [to the United States's sovereign immunity] except to have the claims heard in the Court of Claims.").[19]

Plaintiff then argues that her tort claims are proper under the Federal Tort Claims Act ("FTCA"). Congress granted, through the enactment of the FTCA, a partial waiver of sovereign immunity for tort claims. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). But the FTCA requires that "[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency" and the claim "shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). This administrative exhaustion requirement is a jurisdictional prerequisite to filing a lawsuit under the FTCA

---

[19] Plaintiff noted that she may need to transfer the case to the Court of Federal Claims after conducting discovery. R. Doc. 123 at 7. To the extent that plaintiff is moving this Court to transfer her claim now, the Court denies that motion. The Court finds that transfer is not in the interest of justice. *See Seville v. Maersk Line, Ltd.*, 53 F.4th 890, 894 (5th Cir. 2022) ("[I]t is obviously not in the interest of justice to allow § 1406(a) to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district." (internal quotations omitted) (quoting *Dubin v. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967))); *Nichols v. G.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993) ("[A] district court acts within its discretion when it finds that the interest of justice is not served by allowing a plaintiff whose attorney committed an obvious error in filing the plaintiff's action in the wrong court, and thereby imposed substantial unnecessary costs on both the defendant and the judicial system, simply to transfer his/her action to the proper court, with no cost to him/herself or his/her attorney.").

that cannot be waived. *Id.* at 203–04; *Reynolds v. United States*, 748 F.2d 291, 292 (5th Cir. 1984). Though plaintiff alleges that she submitted complaints to HUD,[20] HUD presented unrebutted evidence that plaintiff did not exhaust her administrative remedies as required by the FTCA.[21] HUD has no records of any claims filed for injury or damages by plaintiff.[22] Plaintiff fails to adequately counter this factual attack on the Court's jurisdiction, because she submitted no evidence rebutting it. Therefore, plaintiff's claims cannot proceed under the FTCA, because the Court is without jurisdiction. See *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) ("Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [FTCA], and absent compliance with the statute's requirement the district court was without jurisdiction.")

To the extent that plaintiff moves for jurisdictional discovery, the Court denies that motion. The Court has broad discretion over all discovery matters. *Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). Jurisdictional discovery may be warranted when "the issue of subject matter jurisdiction turns on a disputed fact." *In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (citing *In re Eckstein Marine Serv. L.L.C.*, 672 F.3d 310, 319–

---

[20] R. Doc. 11 at 19.
[21] R. Doc. 120-3.
[22] *Id.*

9

20 (5th Cir. 2012)). The party seeking discovery bears the burden of showing its necessity. *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009). Therefore, plaintiff must allege the "specific facts crucial to [the defendant's assertion of sovereign] immunity which demonstrate a need for discovery." *Id.* at 342 (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 852 (5th Cir. 2000)). "[A] party is not entitled to jurisdictional discovery if the record shows that the requested discovery is not likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Id.* The Fifth Circuit has affirmed district courts' denial of jurisdictional discovery when "plaintiffs have failed to articulate a discrete discovery request that might cure the jurisdictional deficiency and have failed to otherwise specify where they might discover the necessary factual predicate for subject matter jurisdiction." *Id.* That is true here. Plaintiff points to no specific discovery request to resolve the issues outlined above. Because she has not made the requisite showing entitling her to discovery, the Court denies any request for jurisdictional discovery.

Plaintiff also seeks leave to amend her complaint to include more details in her allegations.[23] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, a "mere call for

---

23   R. Doc. 123 at 7–8.

amendment, without more, is not enough," *Landscape Images Ltd. v. IberiaBank Corp.*, 2024 WL 4457844, at *5 (5th Cir. Oct. 10, 2024), and leave to amend "is by no means automatic," *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[A] bare bones motion to amend remains futile when it fails to apprise the district court of the facts that [plaintiff] would plead in an amended complaint." *Edionwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (cleaned up) (quoting *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010)). In her opposition, plaintiff restates the factual allegations in the complaint, and she does not include any details about the additional facts she would plead in her second-amended complaint to remedy the issues outlined above.[24] Because she fails to apprise the Court of any additional facts, the Court denies plaintiff's motion for leave to amend. *See Rombough v. Bailey*, 733 F. App'x 160, 165 (5th Cir. 2018) (Plaintiff "failed to apprise the court of the facts she would plead in her amended complaint; therefore the district

---

24   *See id.*

11

court did not err when it denied her motion to amend as futile."); *see also Peykoff v. Cawley*, 2025 WL 1380070, at *8 (5th Cir. May 13, 2025) (holding that plaintiff's "one-sentence request, embedded in their opposition to the motion to dismiss, is insufficient to warrant reversal" of the district court's denial of plaintiff's leave to amend, especially in the "absence of any proposed amendments, compounded by the lack of grounds for such an amendment" (quoting *U.S. ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 331 (5th Cir. 2003))).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). The Court DISMISSES plaintiff's claims against HUD.

New Orleans, Louisiana, this __4th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE