UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL. | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendant Waste Management's motion for judgment on the pleadings.[1] Plaintiff opposed this motion.[2] Also, Waste Management file a related motion for sanctions under Federal Rule of Civil Procedure 11.[3] For the following reasons, the Court grants the motion for judgment on the pleadings and denies the motion for sanctions.

### I. BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[4] Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024,[5] and retained counsel in December 2024. Counsel filed a first amended complaint in January 2025, in which

---

[1]   R. Doc. 103.
[2]   R. Doc. 110.
[3]   R. Doc. 127.
[4]   R. Doc. 11.
[5]   R. Doc. 1.

1

plaintiff alleged causes of action against nineteen named defendants, as well as Does 1 through 20 and six unknown insurance companies.[6] The complaint asserted claims for a range of unconnected conduct dating back to 2002.[7]

One of the named defendants is Waste Management of Virginia, Inc. ("Waste Management"). Plaintiff alleged that Waste Management was the former employer of plaintiff and was involved in sexual harassment of and retaliation against plaintiff,[8] and that it conspired with other defendants to harm her.[9] Plaintiff sued Waste Management for racial discrimination,[10] employment discrimination, civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive

---

[6] R. Doc. 11.
[7] *Id.*
[8] *Id.* at 6–7.
[9] *Id.* at 15.
[10] Though plaintiff does not indicate her intention to raise a claim of racial discrimination against Waste Management in the claim's heading, Waste Management is mentioned numerous times under the heading and is alleged to have discriminated against plaintiff. *See* R. Doc. 11 at 18–20. Federal procedure only requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff adequately states a claim if they give fair notice in the pleadings of all claims brought. *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013). Because the pleading standards do not demand precise terminology or "any magic words," *Boudreaux v. Louisiana State Bar Ass'n*, 3 F.4th 748, 756 (5th Cir. 2021), the Court finds that plaintiff adequately raised a claim of racial discrimination against Waste Management.

damages, and litigation expenses and attorney fees.[11] Waste Management answered and asserted a counterclaim against plaintiff for breach of contract, because plaintiff and Waste Management entered a release agreement in October 2020, in which plaintiff released any and all claims against Waste Management arising from her employment with or separation from Waste Management and based on discrimination or retaliation, among other bases.[12] Plaintiff did not respond to the counterclaim. Waste Management now moves for judgment on the pleadings under Rule 12(c).[13]

The Court considers the motion below.

## II.   LEGAL STANDARD

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). In deciding a Rule 12(c) motion, the court must determine whether the complaint, viewed in the light most favorable to the plaintiff, states a valid claim for relief. *Id.* (citations omitted). At this stage, the Court "accepts all well-pleaded facts as true." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

---

[11]   *Id.* at 18–35.
[12]   R. Doc. 59.
[13]   R. Doc. 103.

3

"Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain." *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998) (citing *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990)).

In ruling on a 12(c) motion, the Court must look only to the pleadings, *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002), and exhibits attached to the pleadings, *see Waller v. Hanlon*, 922 F.3d 590, 600 (5th Cir. 2019); *Voest-Alpine Trading*, 142 F.3d at 891 n.4. "If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when the documents are not physically attached to the complaint. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Court may also consider documents attached to a 12(c) motion without converting the motion into one for summary judgment, if the documents are "referred to in the complaint and are central to the plaintiff's claim." *See Allen v. Hays*, 812 F. App'x 185, 189 (5th Cir. 2020) (quoting *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010)).

If matters outside the pleadings are presented, "the court has 'complete discretion' to exclude them." *Id.* (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988)); *see also* Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1371 (3d ed. 2021) ("[I]t is well-settled that it is within the district court's discretion whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c).").

## III. DISCUSSION

### A. Judgment on the Pleadings

In October 2020, plaintiff and Waste Management entered into a settlement agreement in which plaintiff released Waste Management from each and every action, claim, liability, or demand of any kind related in any way to her employment with or separation from Waste Management, and from any claims which may be derived therefrom, including those arising from discrimination, harassment, or retaliation on the basis of any protected category such as sex, gender, or race; claims based on any retaliation theory

or on intentional infliction of emotional distress; or claims for the recovery of attorneys' fees, costs, and expenses.[14]

In October 2024, plaintiff filed suit against Waste Management in this Court.[15] Plaintiff's allegations against Waste Management are as follows: Plaintiff alleged that Waste Management was involved in the sexual harassment of plaintiff;[16] that it retaliated against plaintiff;[17] that it conspired with other defendants to discredit plaintiff, spread misinformation about her, and conceal her sexual abuse;[18] that it disparaged her while she was employed and provided false and defamatory negative information about plaintiff to prospective employers;[19] that it failed to exercise due care or act as a reasonable employer;[20] that it deprived plaintiff of her rights, violated her civil liberties, injured her reputation, humiliated her, and created a hostile work environment;[21] and that it discriminated against her during the course of her employment.[22]

---

[14]  R. Doc. 59-1 at 2–3.
[15]  R. Doc. 11.
[16]  *Id.* at 7.
[17]  *Id.*
[18]  *Id.* at 15
[19]  *Id.* at 17, 20, 29, 31.
[20]  *Id.*
[21]  *Id.* at 18.
[22]  *Id.* at 19–22.

6

Waste Management's counterclaim asserted a breach of contract claim.[23] It alleged that plaintiff breached her duties because the claims she asserted relate to and arise from plaintiff's former employment.[24] Waste Management further alleged that it performed all of its duties required under the release agreement.[25]

Plaintiff did not respond to the counterclaim. When a responsive pleading is required, as with a counterclaim, and a party does not file one, the factual allegations in the counterclaim are deemed admitted. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); Fed. R. Civ. P. 12(a)(1)(B) ("A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim."); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 523 (5th Cir. 2021) ("[B]ecause [counterclaim defendant] had not filed an answer denying the allegations that were contained in [counterclaim plaintiff's] counter-complaint, the [counterclaim defendant] must be deemed to have admitted to all of them except those relating to the amount of damages."); *Campbell Harrison &*

---

[23]  R. Doc. 59.
[24]  *Id.* at 32.
[25]  *Id.* at 33.

*Dagley, L.L.P. v. PBL Multi-Strategy Fund*, L.P., 744 F. App'x 192, 203 (5th Cir. 2018) (The effect "of failing to answer is that the allegations in the complaint (or counterclaim) are deemed admitted."). Thus, the Court deems factual allegations in the counterclaim admitted.

To the extent that plaintiff attempts to argue that the release agreement was signed as a result of duress and coercion, that argument fails. Plaintiff was represented by an attorney during the mediation,[26] and the signed agreement states that "[b]y signing this Agreement, ADAMS certifies that she has carefully read and fully understands the provisions of this Agreement; . . . she has consulted with her attorney before signing this agreement; she was given a reasonable period of time to consider this Agreement before signing it; and she agrees to its terms knowingly, voluntarily and without intimidation, coercion or pressure."[27] Plaintiff's bare-bones allegation that Waste Management "used [its] bargaining power as a large corporation to coerce the plaintiff into accepting the agreement,"[28] and failure to point to any evidence or even allege any facts of duress, is insufficient to void this contract.

---

[26]  R. Doc. 59 at 30.
[27]  R. Doc. 59-1 at 9.
[28]  R. Doc. 110 at 3.

Plaintiff also makes confused arguments about the agreement being unenforceable due to bad faith under La Rev. Stat. 23:291(A).[29] That statute states, "Any employer that, upon request by a prospective employer or a current or former employee, provides accurate information about a current or former employee's job performance or reasons for separation shall be immune from civil liability and other consequences of such disclosure provided such employer is not acting in bad faith." La. Rev. Stat. § 23:291(A). That statute does not deal with settlement agreements, and it outlines when an employer is immune from suit. It does not apply here. In her efforts to invalidate the agreement, plaintiff also points to La. Rev. Stat § 9:2717, which states, "a party may petition a court for a declaratory judgment that a clause in an agreement . . . that prevents a party to the instrument from disclosing factual information related to acts that if proven would establish a cause of action for civil damages for any act that may be prosecuted as a criminal offense is null, void, and unenforceable as a matter of law and shall be considered against public policy." La. Rev. Stat. § 9:2717(B)(1). This statute is also inapplicable. First, plaintiff is not bringing a declaratory judgment. Second, the statute goes on to state that "[t]he provisions of this Section shall not restrict the ability of an individual to enter into a confidential settlement

---

[29]     *Id.* at 5–6.

agreement relating to . . . sexual harassment, provided that the agreement is entered into after a report of . . . harassment is filed or a . . . sexual harassment dispute has occurred." La. Rev. Stat. § 9:2717.3(C). Given that the agreement followed a claim of sexual harassment, plaintiff's argument fails.

The settlement agreement bars most of plaintiff's claims. Almost all of plaintiff's claims arise directly from her employment with and separation from Waste Management. Most of the claims—including the claims rooted in any alleged discrimination, retaliation, failure to handle reports of sexual abuse, disparaging her while she was employed, and Waste Management's due care as an employer—directly relate to how she alleges she was treated while employed and why she alleges she was terminated. This includes her claims for racial discrimination, employment discrimination, negligence, tortious conduct, and intentional infliction of emotional distress. Those claims are clearly barred by the settlement agreement and must be dismissed.

Plaintiff argues that some of Waste Management's alleged conduct occurred after the signing of the release agreement.[30] This includes the civil conspiracy claim, because Waste Management allegedly continued conspire

---

30   R. Doc. 110 at 4.

10

with other named defendants to defame plaintiff,[31] and the libel and slander claim, because Waste Management allegedly made false defamatory statements about plaintiff to prospective employers.[32] But both of these claims fail. The release agreement contained a non-disparagement clause, which stated that unless required by law, Waste Management agrees to disclose only the dates of employment and positions held to prospective employers.[33] Plaintiff argues that Waste Management breached the agreement and continued to disparage her potential employers, which is the basis of the civil conspiracy and libel and slander claims. But in Waste Management's counterclaim, it alleged that it fully performed or tendered all performance required under the release agreement.[34] By failing to deny that allegation, plaintiff admitted that Waste Management fully performed all performance required under the release agreement, including under the non-disparagement clause. *See* Fed. R. Civ. P. 8(b)(6); Fed. R. Civ. P. 12(a)(1)(B); *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 523 (5th Cir. 2021). Therefore, Waste Management did not disparage plaintiff.

---

[31]   *Id.* at 4–5.
[32]   *Id.* at 7–8.
[33]   R. Doc. 59-1 at 5.
[34]   R. Doc. 59 at 33.

11

Finally, to the extent that plaintiff argues she raised other arguments through the civil conspiracy and libel and slander claims, she failed to plead those claims with sufficient detail. A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In Louisiana, "to recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants to commit the tortious act which caused the plaintiff's injury." *Payne v. Stanley*, 316 So. 3d 104, 112, (La. App. 2 Cir. 2021), w*rit denied*, 2021-00480 (La. 2021). In a conclusory fashion, plaintiff alleges the existence of a conspiracy and fails to allege operative facts, including the existence of any agreement or any specific way that Waste Management was involved in the alleged conspiracy. There is no basis for the assertion that Waste Management in any way conspired with any other defendant, or that it deprived plaintiff of any right.

In Louisiana, "[a] claim of libel or slander falls within the tort of defamation." *Hogan v. Williams*, 274 So. 3d 762, 768, (La. App. 5 Cir. 2019). The four elements that are necessary to establish a defamation cause of

action are (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury. *Costello v. Hardy*, 864 So. 2d 129, 139 (La. 2004) (quoting *Trentecosta v. Beck*, 703 So. 2d 552, 559 (La. 1997)). "The fault requirement is often set forth in the jurisprudence as malice, actual or implied." *Id.* Therefore, plaintiff must allege that defendant acted with malice and published a false defamatory statement, which caused injury.

Outside of the alleged statements about plaintiff's work history, plaintiff provides no specific allegations as to the content of the allegedly false statements made by Waste Management, or when, through which medium, by whom, or to whom the statements were made. Plaintiff fails to allege, outside of passing conclusory statements, that Waste Management acted with malice in any way.

Therefore, all of plaintiff's claims fail. The majority are barred by the valid release agreement, and the remaining claims fail because of plaintiff's admitted allegations and because of insufficient pleading. The Court must dismiss all of plaintiff's claims against Waste Management.

13

## B. Counterclaim for Breach of Contract

Regarding Waste Management's counterclaim for breach of contract, the Court finds that it is entitled to judgment on the pleadings. In Louisiana, a breach of contract claim has three elements: "(1) the obligor[] undert[ook] an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (citations and internal quotation marks omitted). On the first element, plaintiff entered a contract that obligated her to refrain from suing Waste Management on any of the claims outlined in the release.[35] On the second element, as outlined above, plaintiff breached that obligation by filing this lawsuit. Finally, Waste Management suffered damages in the form of attorney's fees. Though Waste Management alleged reputational harm in its counterclaim, it provided no evidence of other damages in its motion for judgment on the pleadings. The release agreement explicitly provided for attorney's fees and all costs incurred in connection with an action to enforce the provisions of the agreement.[36] *See Hollenshead Oil & Gas, LLC v. Gemini Expls., Inc.*, 44

---

[35]    R. Doc. 59-1 at 3; R. Doc. 59 at 33.
[36]    R. Doc. 59-1 at 9 ("In the event that ADAMS or WASTE MANAGEMENT commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable

So.3d 809, 817 (La. App. 2 Cir. 2010) ("Attorney fees are not allowable in an action for breach of contract *unless there is a specific provision therefor in the contract.*" (emphasis added)); N-*Y Assocs. v. Bd. of Comm'rs*, 926 So.2d 20, 27 (La. App. 4 Cir. 2006) ("[A]ttorney fees are not due and owing a successful litigant *unless specifically provided for by contract* or by statute." (emphasis added)); *Corbello v. Iowa Prod.*, 850 So.2d 686, 695 (La. 2003) ("The measure of damages in breach of contract cases is governed by the four corners of the contract."). The Court finds that plaintiff is liable for breach of contract and grants judgment on the pleadings on this claim. Additionally, the Court finds attorney's fees proper. The Court orders Waste Management to file a motion and affidavit in support of the attorney's fees it seeks.

### C. Sanctions

Waste Management moved for sanctions under Rule 11, asserting that plaintiff's claims were frivolous, and that she should be liable for attorney's fees incurred because of the violation.[37] But Waste Management cannot recover duplicative attorney's fees for the same conduct. *See Maale v. Kirchgessner*, 2012 WL 2254083, at *2 (S.D. Fla. May 29, 2012) ("Rule 11

---

    attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.").

37    R. Doc. 127.

never authorizes recovery of duplicative attorney fees."); *In re Spree.Com Corp.*, 295 B.R. 762, 769 (Bankr. E.D. Pa. 2003) ("Clearly [plaintiff] cannot recover twice for his legal fees."); Mi*ller v. Mgmt. & Training Corp.*, 2021 WL 4437596, at *18 (S.D. Miss. Sept. 27, 2021) (holding that defendant can get attorney's fees once, and that they cannot be awarded on two different bases for the same work); *Greenawalt v. Sun City W. Fire Dist.*, 2006 WL 1688088, at *6 (D. Ariz. June 10, 2006) (Defendant "cannot recover the same fees twice."); *ADO Fin., AG v. McDonnell Douglas Corp.*, 938 F. Supp. 590, 598 (C.D. Cal. 1996) ("Allowing [defendant] to recover the same attorney's fees twice is unreasonable."). Because the Court finds attorney's fees proper under the judgment on the pleadings, the Court denies as moot Waste Management's motion for sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). The Court DISMISSES plaintiff's claims against Waste Management WITH PREJUDICE. The Court GRANTS judgment on the pleadings on Waste Management's breach of contract counterclaim against plaintiff. The Court REFERRERS the issue of the amount of attorney's fees to Chief Magistrate Judge Michael North, to prepare a recommended disposition following the

submission of Waste Management's motion. Waste Management's motion documenting the amount owed and reasonableness thereof is due August 15, 2025. The Court denies as MOOT Waste Management's motion for sanctions.

New Orleans, Louisiana, this __4th__ day of August, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE