UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL | SECTION "R" (5) |

## ORDER AND REASONS

Before the Court is defendant Mitchell Gibbs' unopposed motion to certify final judgment.[1] For the following reasons, the Court denies the motion.

## I.  BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[2] Plaintiff Cindy Adams initially filed a complaint in this Court *pro se* in October 2024[3] and retained counsel in December 2024. Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against eighteen named defendants, as well

---

[1]  R. Doc. 133.
[2]  R. Doc. 11.
[3]  R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[4] The complaint asserted claims for a range of disconnected conduct dating back to 2002.[5]

One of the named defendants is Mitchell Gibbs. Plaintiff sued Gibbs for civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive damages, and litigation expenses and attorney fees.[6] Gibbs moved to dismiss all these claims under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief could be granted.[7] In August, the Court granted a motion by Gibbs dismissing all the claims against him with prejudice.[8]

Of the eighteen named defendants, the Court has dismissed plaintiff's claims against four for failure to effect service,[9] six for lack of personal jurisdiction,[10] two for failure to state a claim upon which relief can be granted,[11] one on the pleadings,[12] and one for lack of subject matter jurisdiction.[13] Plaintiff has filed for entry of default against the four

---

[4]   R. Doc. 11.
[5]   *Id.*
[6]   *Id.* at 18–35.
[7]   R. Doc. 129.
[8]   R. Doc. 97.
[9]   R. Doc. 80.
[10]  R. Doc. 124, 130.
[11]  R. Doc. 128, 129.
[12]  R. Doc. 132.
[13]  R. Doc. 131.

remaining defendants but has not filed motions for default judgment.[14] There has been no further activity as to the four remaining defendants.

Now, Gibbs moves the Court to enter final judgment on the claims under Federal Rule of Civil Procedure 54(b).[15]

The Court considers the motion below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to direct entry of a "final judgment as to one or more, but fewer than all, claims or parties if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b); *see also Williams v. Seidenbach*, 958 F.3d 341, 347 (5th Cir. 2020). "One of the primary policies behind requiring a justification for Rule 54(b) certification is to avoid piecemeal appeals." *PYCA Indus. v. Harrison Cty. Waste Water Mgmt. Dist.*, 81 F.3d 1412, 1421 (5th Cir. 1996). Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid "hardship or injustice through delay," and "should not be entered routinely as a courtesy to counsel." *Id.*

The first inquiry the Court must make is whether it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7

---

[14] R. Docs. 67-69, 137.
[15] R. Doc. 133.

3

(1980). It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* Next, the Court must determine if there is any "just reason for delay," a determination that is within the sound discretion of the district court. *See Ackerman v. FDIC*, 973 F.2d 1221, 1224 (5th Cir. 1992). In making this determination, the district court must weigh "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other." *Road Sprinkler Fitters Local Union v. Continental Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)). A major factor the district court should consider is whether the appellate court "would have to decide the same issues more than once even if there were subsequent appeals." *H & W Indus., Inc. v. Formosa Plastics Corp., USA*, 860 F.2d 172, 175 (5th Cir. 1988) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

### III. DISCUSSION

As to the first requirement for Rule 54(b) certification, the Court finds that the dismissal of all of plaintiff's claims against Gibbs with prejudice is "an ultimate disposition" of those claims, and therefore meets the final-

4

judgment test. *Portillo v. Cunningham*, 872 F.3d 728, 736 (5th Cir. 2017) ("A dismissal with prejudice is an adjudication on the merits.")

As to the second requirement, after weighing the appropriate factors, the Court finds that certification is not appropriate in this case. Before the Court can certify a judgment for appeal under Rule 54(b), the Court must find that the appropriate factors combine to "outweigh the important concerns that underlie 'the historic federal policy against piecemeal appeals.'" *Briargrove Shopping Ctr. Joint Venture v. Pilgrim Enters., Inc.*, 170 F.3d 536, 540 (5th Cir. 1999) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

Here, the defendant requests a 54(b) certification so that the running of appellate delays may begin.[16] This reason alone cannot outweigh the concern about piecemeal appeals. *See Kirtland v. McDermott & Co.*, 568 F.2d 1166, 1171 (5th Cir. 1978) (noting that "Rule 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel [and] should be used only in the 'infrequent harsh case'") (quoting *Panichella v. Pa. R. Co.*, 252 F.2d 452, 455 (3d Cir. 1958)). Plaintiff's claims against Gibbs are interrelated with claims against other defendants, including two of the

---

[16] R. Doc. 131.

defendants who remain in the case.[17] In total, four defendants remain in the case, and the Court dismissed plaintiff's claims against four other defendants on the merits or for lack of subject matter jurisdiction.[18] The inconvenience and costs of possible piecemeal review in this case outweigh the defendant's request for the courtesy of an entry of final judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for entry of a final judgment.

New Orleans, Louisiana, this __8th__ day of September, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[17]  Plaintiff alleges that Gibbs, alongside named remaining defendants Chae Scot Herring and Kelli Goodson, conspired to move her children across state lines to North Dakota against her wishes. R. Doc. 1, at 7-8.

[18]  R. Docs. 128, 129, 131, 132.