UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CINDY MARIE WEBER
MONTGOMERY, JR. -ADAMS-II

VERSUS

CONSUELLEO ANDERSON, ET AL.

CIVIL ACTION

NO. 24-2432

SECTION "R" (5)

## ORDER AND REASONS

Plaintiff Cindy Adams moves for a default judgment against defendants Johnny Anderson, Sr.; Keith Sykes; Chae Scott Herring; and Kelli Goodson.[1]  There is no opposition to the motion.  For the following reasons, the Court denies the motion.

## I.     FACTUAL BACKGROUND

This case arises out of a series of disjointed events that occurred throughout plaintiff's life.[2]  Plaintiff Cindy Adams initially filed a complaint in this Court *pro se* in October 2024[3] and retained counsel in December 2024.  Counsel filed a first amended complaint in January 2025, in which plaintiff alleged causes of action against eighteen named defendants, as well

---

[1]     R. Doc. 143.
[2]     R. Doc. 11.
[3]     R. Doc. 1.

1

as Does 1 through 20 and six unknown insurance companies.[4]  The complaint asserted claims for a range of disconnected conduct dating back to 2002.[5]

Of the eighteen named defendants, the Court has dismissed plaintiff's claims against four for failure to effect service,[6] six for lack of personal jurisdiction,[7] two for failure to state a claim upon which relief can be granted,[8] one on the pleadings,[9] and one for lack of subject matter jurisdiction.[10]  Plaintiff filed for entry of default against the four remaining defendants[11] and now moves for default judgment.[12]

The Court considers the motion below.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a Court may enter a default judgment against a party when it fails to plead or otherwise respond to a complaint within the required time.  A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps.  First, the plaintiff must petition the court for the entry of default,

---

[4]    R. Doc. 11.
[5]    *Id.*
[6]    R. Doc. 80.
[7]    R. Doc. 124, 130.
[8]    R. Doc. 128, 129.
[9]    R. Doc. 132.
[10]    R. Doc. 131.
[11]    R. Docs. 67-69, 137.
[12]    R. Doc. 143.

which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After a default has been entered, the plaintiff may move for a default judgment. *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam). In determining whether the entry of a default judgment is procedurally appropriate, courts consider the following factors: (1) whether there are material facts at issue; (2) whether there would be substantial prejudice; (3) whether the grounds for the default have been clearly established; (4) whether the default was caused by excusable neglect or a good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would likely set aside the default judgment on a motion from defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Before granting a motion for default judgment, however, the court has a "duty to assure that it has the power to enter a valid judgment," and "must look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir.

2011).  The Fifth Circuit has held that a judgment entered without personal jurisdiction is void.  *Id.*

If the plaintiff's claim is for a sum certain, and the defendant has not made an appearance in court, the clerk may enter a default judgment.  Fed. R. Civ. P. 55(b)(1).  In all other cases, "the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  No party is entitled to a default judgment as a matter of right.  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  The disposition of a motion for the entry of default judgment rests within the sound discretion of the district court.  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III.  DISCUSSION

Here, plaintiff has completed the first of the two-step process for a default judgment.  Plaintiff petitioned the court for the entry of default, and the clerk entered the default as to Anderson, Sykes, Goodson, and Herring.[13]

Plaintiff, however, fails on the next step.  Before granting a motion for default judgment, the court has a "duty to assure that it has the power to enter a valid judgment," and "must look into its jurisdiction both over the subject matter and the parties."  *Sys. Pipe & Supply, Inc.*, 242 F.3d at 324.

---

[13]    R. Docs. 67-69, 137.

Pretermitting all other issues with plaintiff's claims, the Court does not have jurisdiction over the parties because plaintiff failed to effect service.

Plaintiff has provided no evidence of permissible service on the defendants. The federal rules provide for service by: (1) following state law for serving a summons in the state where the district court is located or where service is to be made; or (2) delivering a copy to the individual personally, to their usual place of abode with someone of suitable age and discretion who resides there, or to an authorized agent. Fed. R. Civ. P. 4(e). The federal rules provide that process must be served by a U.S. marshal or deputy marshal or by a person specifically appointed for that purpose. Fed. R. Civ. P. 4.1.

Louisiana law requires personal or domiciliary service on an individual in Louisiana. La. Code. Civ. P. art. 1231. Domiciliary service is made when a proper officer leaves the process "at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. Code. Civ. P. art. 1234. Under Louisiana law, the "proper officer" is the sheriff of the parish where service is to be made or of the parish where the action is pending. La. Code Civ. P. art. 1291. On motion of a party to the court, the court can appoint a person

to make service of process "in the same manner as is required of sheriffs." La. Code Civ. P. 1293.

Virginia law requires that if an individual to be served is within the Commonwealth of Virginia, the individual must be served personally or by posting a copy on the front door of the abode and then mailing a copy the process to the individual to be served and filing in the office of the clerk of court a certificate of the mailing.  Va. Code § 8.01-296 (2024).

Absent proper service of process, the court lacks jurisdiction over the defendant and an entry of default granted under such conditions is void. *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999).  Plaintiff has provided no proof that she served Anderson, Sykes, Herring, or Goodson in accordance with the federal rules.  Further, plaintiff has not provided any proof that the Anderson was served in accordance with Louisiana law, or that Goodson, Sykes, or Herring were served in accordance with either Louisiana or Virginia law.[14]  Instead, plaintiff simply provides copies of United States Postal Service certified mail receipts that note, at most, that the mail was left with "an individual."[15]  Mailed service of the initial complaint to a natural person is invalid under federal, Louisiana, and

---

[14]    The addresses that plaintiff purported to serve for Goodson, Sykes, and Herring are all in Virginia.  R. Docs. 19, 20, & 22.

[15]    R. Docs. 19, 20, 22, & 44.

Virginia law. As such, plaintiff failed to properly serve Anderson, Herring, Goodson, and Sykes. Because the remaining defendants were not properly served, the Court finds good cause exists under Fed. R. Civ. P. 55(c) to set aside the entry of default against them. Therefore, the Court also denies the motion for entry of default judgment.

Furthermore, as the defendants have not been served within ninety says after the complaint was filed in January 2025, the Court must dismiss the action without prejudice against Anderson, Goodson, Herring, and Sykes. Fed. R. Civ. P. 4(m).

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Default Judgment. It is ORDERED that the Clerk of Court's entries of default against Anderson, Goodson, Herring, and Sykes are vacated and set aside in accordance with Fed. R. Civ. P. 55(c). The claims against Anderson, Goodson, Herring, and Sykes are DISMISSED for insufficient service of process WITHOUT PREJUDICE in accordance with Fed. R. Civ. P. 4(m).

New Orleans, Louisiana, this 24th day of September, 2025.

_Sarah Vance_

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

7