## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**CINDY MARIE WEBER MONTGOMERY, JR./ADAMS-II**     **CIVIL ACTION**

**VERSUS**     **NUMBER: 24-2432**

**CONSUELO ANDERSON, ET AL.**     **SECTION: "R" (5)**

## REPORT AND RECOMMENDATION

Before the Court is Defendant Waste Management of Virginia, Inc.'s Motion for Attorneys' Fees. (Rec. doc. 140).[1] The motion is unopposed. Having reviewed the pleading, the record, and the case law, the Court finds and recommends as follows.

### I.  Background

Plaintiff Cindy Adams initially filed a complaint in this Court pro se in October 2024 and retained counsel in December 2024. (Rec. doc. 1). Counsel filed a first amended complaint in January 2025, in which Plaintiff alleged causes of action against 19 named defendants, as well as six unknown insurance companies. (Rec. doc. 11). The complaint asserted claims for a range of unconnected conduct dating back to 2002. (*Id.*).

One of the named defendants is Waste Management of Virginia, Inc. ("Waste Management"). Plaintiff alleged that Waste Management was the former employer of Plaintiff and was involved in sexual harassment of and retaliation against Plaintiff, and that it conspired with other defendants to harm her. (*Id.* at 6-7, 15). Plaintiff sued Waste Management for racial discrimination, employment discrimination, civil conspiracy, negligence, tortious conduct, libel and slander, intentional infliction of emotional distress, punitive damages, and litigation expenses and attorney fees. (*Id.* at 18-35). Waste

---

[1] The District Court referred the motion to the undersigned under 28 U.S.C. § 636(b). (Rec. doc. 255).

Management answered and asserted a counterclaim against plaintiff for breach of contract, based upon a release agreement entered between Plaintiff and Waste Management in October 2020, in which plaintiff released any and all claims against Waste Management arising from her employment with or separation from Waste Management and based on discrimination or retaliation, among other bases. (Rec. doc. 59). Plaintiff did not respond to the counterclaim.

Waste Management then moved for judgment on the pleadings under Rule 12(c) and for sanctions. (Rec. docs. 103, 127). The District Court granted the motion for judgment on the pleadings, dismissing Plaintiff's claims with prejudice, and denied the motion for sanctions as moot. (Rec. doc. 132). The instant motion followed. Waste Management seeks $65,116.98 in attorney's fees on behalf of its attorneys, Littler Mendelson, P.C. (Rec. doc. 140). Waste Management's entitlement to fees is undisputed. Thus, the Court will address only the amount of attorney's fees and costs owed.

**II.     Law and Analysis**

  **A.     The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39*; Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433*; Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve Johnson factors. *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the Johnson factors bears the burden. *See Fessler*,

3

23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *La. Power*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### 1.     Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).  "[T]he burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill."  *Blum*, 465 U.S. at 895 n.11.  "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested."  *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328) (emphasis added).

In its fee submission, Waste Management seeks fees on behalf of two attorneys: Bradford J. Kelley and Sean P. O'Brien.  Kelley is a shareholder at Littler Mendelson, P.C.  Kelley graduated *magna cum laude* from LSU Paul M. Hebert Law Center, was inducted into the Order of the Coif, and served as an editor for the Louisiana Law Review.  (Rec. doc. 140-1 at 5).  After law school, Kelley clerked for the Honorable Donald Walter of the U.S. District Court for the Western District of Louisiana.  Kelley was admitted to the Louisiana Bar in 2013, suggesting that he has approximately 12 years of experience.  Kelley specializes in labor and employment law and has extensive experience, accolades, and publications related

4

to that specialty. Kelley seeks a rate of $646.00/hour for his work in this case. (Rec. doc. 140-1 at 4-6).

O'Brien is an associate at Littler Mendelson, P.C., who has over five years of practice experience since graduating *cum laude* from the University of Memphis Cecil C. Humphreys School of Law in 2019. O'Brien focuses his practice on employment discrimination, harassment, leave and accommodation matters, artificial intelligence, and wage and hours disputes. He has served as first chair in approximately ten bench trials, has published numerous articles on labor and employment law topics, and has presented at events such as a continuing legal education seminar focused on the current state of labor and employment law. O'Brien seeks a rate of $335.75/hour. (*Id.*).

As noted above, "an attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White*, 2005 WL 1578810, at *5 (citing *La. Power*, 50 F.3d at 328) (emphasis added). However, the Court may reduce the hourly rate if it determines that the requested rate is not within the range of prevailing market rates. *Richard v. St. Tammany Par. Sheriff's Dep't*, No. CV 17-9703, 2022 WL 4534728, at *11 (E.D. La. Sept. 28, 2022), *appeal dismissed sub nom. Richard v. Smith*, No. 22-30497, 2023 WL 2845201 (5th Cir. Jan. 27, 2023). Thus, the Court in its discretion will assess whether the uncontested rates fall within the range of prevailing market rates.

Notably, counsel did not include an affidavit, outside of Kelley's own personal testimony, of other attorneys practicing in this District establishing that the requested rates are in line with prevailing rates in this community. *Bd. of Supervisors of Louisiana State Univ. v. Smack Apparel Co.*, No. CV 04-1593, 2007 WL 9770644, at *10 (E.D. La. May 23, 2007),

5

*report and recommendation adopted*, No. CV 04-1593, 2007 WL 9770643 (E.D. La. Aug. 28, 2007) ("Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there.") (quoting *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)); *Herbert v. Audubon Comm'n*, No. CV 15-5425, 2017 WL 5900978, at *2 (E.D. La. Nov. 30, 2017) (reminding Plaintiff's counsel that as applicants, they bear burden of producing satisfactory evidence that their rates are in line with other similar services in this District.). Most importantly, both requested hourly rates are not reflective of the prevailing rates in this community. For these reasons, reductions are warranted.

Kelley has approximately 12 years of experience and seeks a rate of $646.00/hour. A significant reduction is necessary to reflect rates awarded to other attorneys with similar experience in this District. *MGMTL, L.L.C. v. Strategic Tech. Inst., Inc.*, No. CV 20-2138, 2025 WL 958208, at *38 (E.D. La. Mar. 31, 2025) (awarding a then-current rate of $275.00/hour to an attorney with 11 years of experience); *Grant v. Gusman*, No. CV 17-2797, 2023 WL 315937, at *13 (E.D. La. Jan. 19, 2023) (reducing a proposed billing rate of $350 per hour to $275 for an attorney with 11 years of experience); *Jones v. New Orleans Reg'l Physician Hosp. Org.*, No. CV 17-8817, 2019 WL 6770029 (E.D. La. Dec. 12, 2019) (reducing rate of attorney with 13 years of experience from $350.00/hour to $300.00/hour); *Shaw v. Alpha Air & Heating, L.L.C.*, No. CV 22-3953, 2024 WL 1556861, at *3 (E.D. La. Apr. 10, 2024) (reducing rate of attorney with 13-14 years of experience from $500.00/hour to $350.00/hour). Recently, this Court awarded a rate significantly lower rate than that requested by Kelley to an attorney with nearly 40 years of experience, more than double the years of experience possessed by Kelley. *Archer W. Contractors, L.L.C. v. McDonnel Grp., L.L.C.*, No. CV 22-5323, 2025 WL 2088911, at *4-5 (E.D. La. July 9, 2025), *report and recommendation adopted*

6

(reducing the requested hourly rate of an attorney with 39 years of experience from $530/hour to $500/hour). Moreover, none of the cases cited by Waste Management award a rate as high as that requested by Kelley for an attorney with similar experience. Accordingly, the Court awards Kelley a rate of $340.00/hour.

The Court now turns to O'Brien, who has over five years of experience and seeks a rate of $335.75/hour. That rate is slightly excessive in light of those typically awarded in this District. *MGMTL,* 2025 WL 958208, at *38 (reducing the rate of an attorney with five to eight years of experience from $280.00/hour to $225.00/hour); *Engender, LLC v. Cypress Zone Prods., L.L.C.*, No. CV 20-1591, 2021 WL 3423589, *2 (E.D. La. Aug. 5, 2021) (finding a rate of $260.00/hour reasonable for an attorney with seven years of experience); *EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, 2015 WL 3505099, at *2-3 (E.D. La. June 3, 2015) (finding hourly rate of $275 for associate with seven years of experience to be reasonable). The Court awards O'Brien a rate of $275.00/hour.

### 2. Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make a fee request that demonstrates "billing judgment." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there

is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, *but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"* (emphasis added)). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, No. CV 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Waste Management argues that the 129.60 hours sought are reasonable because counsel exercised billing judgment by excluding unproductive, redundant, or otherwise non-billable tasks. Waste Management further argues that its requested hours are reasonable because it obtained dismissal of all claims against it, secured judgment in its favor on its counterclaim, and because the case involved numerous independent defendants, requiring it to monitor their filings to assess potential implications for its own defense strategy. (Rec. doc. 140-1 at 3-4). Having reviewed counsel for Waste Management's timesheets, the Court finds minor deductions are warranted.

"'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). "When using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda." *Kuperman v. ICF Int'l*, No. CV 08-565, 2009 WL 10737138, *7 (E.D. La. Oct. 13, 2009) (quoting *White*, 2005 WL 1578810, at *11). In *Kuperman*, the Court preserved time spent on some unsuccessful motions but reduced time for others, finding that counsel should not "be penalized for every unsuccessful motion" because "an attorney must represent his client zealously," and unsuccessful motions are "fully expected aspects of that representation." (*Id.*).

8

Here, Waste Management seeks significant time for its motions for sanctions that the District Court denied as moot. (Rec. doc. 140-3 at 12-16). The District Court found Waste Management's motion for sanctions moot because attorney's fees are proper, and Waste Management cannot recover duplicative attorney's fees for the same conduct. (Rec. doc. 132 at 15-16). Of the 129.60 hours for which counsel seeks fees, over 30 of those hours were expended related to the unsuccessful motion for sanctions. (*Id.*). Recognizing, however, that the work expended on the motion for sanctions was nonetheless a useful part of the litigation strategy, rather than a line-by-line reduction, the Court recommends a mere 10% reduction of the hours sought.

### B. The *Johnson* Factors

As noted above, the lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989). The *Johnson* factors are

> (1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

*See id.* at 717-19.[2] "'[T]he most critical factor' in determining a reasonable fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436).

---

[2] The *Johnson* factors are near identical to the factors considered by Louisiana state courts when awarding attorneys' fees. The Louisiana factors are briefed in AWC's memorandum in support of its attorneys' fees. (Rec. doc. 253-1 at 7).

9

The lodestar is presumed to yield a reasonable fee. *La. Power*, 50 F.3d at 324. Additionally, the lodestar should be modified only in exceptional cases. *Fleming v. Elliott Sec. Sols., LLC,* No. CV 19-2348, 2021 WL 4908875, at *1 (E.D. La. Oct. 21, 2021) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)). Lastly, "to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required." *Migis*, 135 F.3d at 1047.

Waste Management makes arguments based on factors one, two, three, four, five, eight, eleven, and twelve. (Rec. doc. 140-1 at 7-9). However, the Court considered those factors in determining the reasonableness of the hours sought. Thus, the *Johnson* factors that are relevant to this case are subsumed in the lodestar. No further adjustment is merited.

Accordingly, the distribution of fees is as follows:

| **Name** | **Hours** | **Hourly rate** | **Amount** |
|---|---|---|---|
| Bradford J. Kelley | 64.90 | $340.00 | $22,066.00 |
| Sean P. O'Brien | 64.70 | $275.00 | $17,792.50 |
|  |  |  | $39,858.50 |
|  |  |  | - $3,985.85[3] |
|  |  | **Total Recommended** | **$35,872.65** |

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Defendant Waste Management's of Virginia, Inc.'s Motion for Attorneys' Fees (rec. doc. 140) be **GRANTED IN PART** and Waste Management of Virginia, Inc., be awarded a total of $35,872.65 in attorneys' fees.

---

[3] This represents a 10% reduction of the total award for the reasons detailed above.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of September, 2025.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE