UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CINDY ADAMS | CIVIL ACTION |
| VERSUS | NO. 24-2432 |
| CONSUELLEO ANDERSON, ET AL. | SECTION "R" (5) |

## **ORDER AND REASONS**

Before the Court is defendant Waste Management of Virginia, Inc.'s (Waste Management) unopposed motion for attorney's fees.[1] The Court referred the motion to Magistrate Judge Michael B. North for a Report and Recommendation (R&R).[2] Magistrate Judge North recommended that the motion be granted in part.[3] Plaintiff Cindy Adams objects to the R&R.[4] The Court has reviewed the motion, the record, the applicable law, the Magistrate Judge's R&R, and Adams' objections. For the following reasons, the Court overrules the objections and grants the amount of attorney's fees as determined in the R&R.

---

[1]  R. Doc. 140.
[2]  R. Doc. 132.
[3]  R. Doc. 149.
[4]  R. Doc. 150.

1

## I.    FACTUAL BACKGROUND

Adams sued eighteen defendants for a series of disjointed claims covering the past twenty-three years.[5] Adams alleged a slew of claims against Waste Management, including civil conspiracy, sexual harassment, and retaliation.[6] Waste Management asserted a counterclaim against Adams for breach of contract, based on a release agreement entered between Adams and Waste Management in October 2020.[7] In that agreement, Adams released any and all claims against Waste Management pertaining to, among other bases, her employment with and separation from Waste Management, discrimination, and retaliation.[8] The agreement included a provision that Adams would pay attorney's fees if she breached the agreement.[9]

Adams did not respond to the counterclaim, and this Court granted Waste Management's motion for judgment on the pleadings.[10] Waste

---

[5]   R. Doc. 11.
[6]   R. Doc. 11, at 6-7, 15.
[7]   R. Doc. 59.
[8]   R. Doc. 59-1.
[9]   *Id.* at 9 ("In the event that ADAMS or WASTE MANAGEMENT commences an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.")
[10]  R. Doc. 132.

Management then moved for attorney's fees in the amount of $65,116,98.[11] Adams did not oppose the motion. This Court referred the motion to Magistrate Judge North, who issued an R&R finding that Waste Management was entitled to $35,872.65 in attorney's fees.[12] Adams timely filed an objection to the R&R.[13] Adams objected only to the propriety of awarding costs and fees against an *in forma pauperis* litigant; Adams did not object to the R&R's calculation of the lodestar amount and determination of reasonable fees.[14]

The Court addresses Adams' objection below.

## II. LEGAL STANDARD

The Court applies *de novo* review to the parts of the R&R to which the parties objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

## III. DISCUSSION

The Court first analyzes the portion of the R&R subject to Adams' objection *de novo*. Adams objects only to the granting of attorney's fees

---

[11] R. Doc. 140.
[12] R. Doc. 149.
[13] R. Doc. 150.
[14] *Id.*

3

against an *in forma pauperis* litigant and asks this Court to hold that no fees or costs shall be assessed against a litigant granted *in forma pauperis* status absent a specific statutory authorization or a finding of bad faith.[15]

Such a requirement is rooted neither in law nor the facts of this case. Even in Adams' objection, Adams notes that the "'American Rule' bars recovery of attorney's fees except where authorized by statute or **contract**."[16] It is a contract that authorizes the payment of attorney's fees and costs here, as this Court outlined extensively in the order granting Waste Management's motion for judgment on the pleadings.[17] The release agreement between Adams and Waste Management explicitly provided for attorney's fees and all costs incurred in connection with an action to enforce the provisions of the agreement.[18] As Magistrate Judge North noted in the R&R, "Waste Management's entitlement to fees is undisputed."[19] The Court thus overrules Adams' objection.

Beyond a general assertion that the Court cannot award attorney's fees against an *in forma pauperis* litigant, Adams made no further objections to the R&R. Adams' objection provides no meaningful response or objection to

---

15  R. Doc. 150-1, at 4.
16  *Id.* at 2 (emphasis added).
17  R. Doc. 132 at 14-16.
18  *See supra* note 6.
19  R. Doc. 149, at 2.

4

Magistrate Judge North's well-reasoned R&R. Thus, the Court examines the remainder of the R&R for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983). The Court finds no clear error. Accordingly, the Court adopts the Magistrate Judge's R&R as its opinion.

## IV. CONCLUSION

For the reasons given in Magistrate Judge North's R&R, the Court GRANTS IN PART Waste Management's motion for attorney's fees for $35,872.65.

New Orleans, Louisiana, this 27th day of October, 2025.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE